UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   15-20160-CIV-GAYLES/TURNOFF

YOUNES KABBAJ,

    Plaintiff,
vs.

BRIAN ALBRO, MARK SIMPSON, JOHN
DOES 1-9,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*.   Plaintiff, Younes Kabbaj, appearing *pro se*, has filed a Complaint against Brian Albro, Mark Simpson and John Does 1-9 (collectively "Defendants") [ECF No. 1].   Plaintiff has filed a motion to proceed *in forma pauperis*, and the screening provisions of 28 U.S.C. section 1915(e) are applicable.   Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   *Id.* § 1915(e)(2).   Upon initial screening, the Court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Defendants.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

    Plaintiff's complaint seeks declaratory and injunctive relief against the Defendants for defamation, tortious interference with contract, and negligent and intentional infliction of emotional distress.  Plaintiff references seven cases from the District of Delaware to set forth alleged instances of defamation.  However, Plaintiff fails to identify with particularity the "thousands" of defamatory internet articles Defendants allegedly published.  In addition, Plaintiff fails to sufficiently identify how the Defendants conspired to pursue malicious prosecutions against him.  Finally, Plaintiff fails to adequately allege whether this Court has personal jurisdiction over the Defendants or how venue is proper in this district.  Indeed, the Defendants are all citizens of New York and the limited allegations all relate to either litigation in Delaware and/or arrests and prosecutions in New York.[1]

    Accordingly, it is

---

1  The Court also notes that this case appears to restate the allegations against the same defendants in case number 14-cv-60889-JAL, a case on appeal to the Eleventh Circuit from this district.

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**.   It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED** and the Clerk is instructed to mark the case as **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
       All Counsel of Record

3