UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20160- CIV-GAYLES/Turnoff

YOUNES KABBAJ,

    Plaintiff,

v.

BRIAN ALBRO, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before this Court on the Motion to Proceed in Forma Pauperis on Appeal filed by Plaintiff Younes Kabbaj. (ECF No. 23). The Motion was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida, on April 29, 2015. (ECF No. 24). The undersigned has considered the record, the applicable law, and is otherwise duly advised in the premises.

### I. Background

On January 15, 2015, Plaintiff Younes Kabbaj, appearing *pro se*, filed a complaint against Defendants Brian Albro, Mark Simpson, and John Does 1-9, seeking declaratory relief, injunctive relief, and monetary damages for defamation, tortious interference with a contract, and negligent and intentional infliction of emotional distress. (ECF No. 1).[1] Judge Gayles dismissed the case without prejudice *sua sponte* on substantive grounds and for failure to establish personal jurisdiction and

---

[1] The undersigned notes that the claims asserted by Plaintiff in this litigation have a long, tortured procedural history in other courts.

proper venue. (ECF No. 4). He noted that Defendants were all citizens of New York and that all of the limited allegations related either to litigation in Delaware and/or to arrests and prosecutions occurring in New York. Id. Finally, he noted that the allegations in this action appeared to be a restatement of the allegations against the same Defendants in an action before the Honorable Joan A. Lenard. See Kabbaj v. Does 1-10, Case No. 14-cv-60889-JAL (S.D. Fla. 2014).

On June 23, 2014, Judge Lenard dismissed without prejudice her case. Case No. 14-cv-60889-JAL at (ECF No. 65). An Amended Order of dismissal was entered on June 27, 2014. Case No. 14-cv-60889-JAL at (ECF No. 74). The dismissal was premised upon Plaintiff's failure to abide by an Order entered on April 24, 2012, by the United States District Court for the District of Delaware, prohibiting Plaintiff from bringing a civil action against Defendant Simpson and his family members "in any court of law in the United States" without first seeking permission from a judge in Delaware District Court. See Kabbaj v. American School of Tangier, No. 10-cv-00431 (D. Del. Apr. 24, 2014). The prohibition in the April 24th Order was subsequently applied to cover Defendant Albro as well. See Kabbaj v. Google Inc., No. 13-cv-01522 (Apr. 7, 2014). Judge Lenard's dismissal was affirmed by the Eleventh Circuit Court of Appeals on January 8, 2015, with the mandate issuing on March 12, 2015. (ECF No. 13). While the appeal from Judge Lenard's dismissal was pending, Plaintiff was given permission to sue Defendants Simpson and Albro by the Delaware District Court. See Kabbaj v. American School of Tangier, et al., Case No. 10-431-RGA, 2015 WL 64893, at *7 (D. Del. Jan. 5, 2015).

On February 3, 2015, Plaintiff filed a Motion for Reconsideration and an Amended Complaint, seeking declaratory relief, injunctive relief, and monetary damages for conspiracy to defame, defamation, negligence, negligent and intentional infliction of emotional distress, malicious

prosecution, false imprisonment, and conspiracy against civil rights. (ECF No. 5). Plaintiff claimed that Defendants Simpson, Albro, and John Does 1-108 had breached, or tortiously interfered with, a contract entered into on March 12, 2012, in Delaware. (ECF No. 6) at ¶ 25. The contract rendered confidential previous events that had occurred between the parties, while Plaintiff was employed at the American School of Tangier. (ECF No. 6) at ¶ 25. Plaintiff claimed that these Defendants tortiously interfered with the contract by threatening, harassing, and defaming Plaintiff through the publication of hundreds of internet articles accusing Plaintiff of terrorism, hacking, selling heroin to children, molesting children, stalking, harassment, and other crimes. (ECF No. 6) at ¶ 27, 33.

Additionally, Plaintiff alleged that, in 2013, Defendants Simpson and Albro had recruited Defendants Cyrus R. Vance, Samuel Levy, Chikaelo Ibeabuchi, Desmond Egan, Timothy Wall, Detective Klein, the New York County District Attorney's Office, and John Does 109-113 to wrongfully arrest, imprison, physically injure, and maliciously prosecute Plaintiff in New York based upon a police report filed by Defendants Simpson and Albro. (ECF No. 6) at ¶ 29-30; 102-03. The police report indicated that Plaintiff was harassing Defendant Simpson, and Plaintiff was subsequently arrested in New York by Defendant Desmond Egan. (ECF No. 6) at ¶ 58-59. Plaintiff claimed that, *inter alia*, Defendants were "motivated by hatred against the Plaintiff for refusal to adopt the religious views of the homosexual religion . . . . " (ECF No. 6) at ¶ 29.

Defendants Benjamin Dell, Tara Collins, David Kapner, and the Legal Aid Society were alleged to have "sabotage[d] Plaintiff's defense in an effort to obtain an unlawful conviction of Plaintiff in New York." (ECF No. 6) at ¶ 104. These attorneys were employed at the Legal Aid Society and were assigned as Plaintiff's defense counsel after his arrest. (ECF No. 6) at ¶ 62. Plaintiff alleged that these Defendants maliciously waived Plaintiff's rights to a speedy trial despite

Plaintiff's instructions to the contrary, refused to issue proper subpoenas to trace emails and publications on the internet, and accused Plaintiff of psychological incompetence and inability to stand trial to prevent Plaintiff from mounting a defense to the charges against him. (ECF No. 6) at ¶ 113.

On March 2, 2015, Plaintiff filed a Motion for Recusal attempting to disqualify Judge Gayles from involvement in the case "so as to have a neutral judge appointed in his place . . . ." (ECF No. 7). Judge Gayles denied the motion but accepted Plaintiff's Amended Complaint. (ECF No. 9).

On March 10, 2015, Judge Gayles issued an order for Plaintiff to show cause as to why the Court had jurisdiction over Plaintiff's action, why the Southern District of Florida was the proper venue for this action, and why Plaintiff should pursue his claims in this action as opposed to the action before Judge Lenard. (ECF No. 12). Plaintiff filed a lengthy Response referencing, *inter alia*, a Delaware District Court case, as well as two other cases filed in the Southern District of Florida, to which Plaintiff was a party, and arguing that his claims were actionable in Florida. (ECF No. 14).

On March 26, 2015, Judge Gayles dismissed without prejudice the Amended Complaint *sua sponte* finding that Plaintiff should have filed the Amended Complaint in Judge Lenard's case because there was no longer an appeal pending in that case. (ECF No. 19). Additionally, he found the same deficiencies as before with respect to venue because none of the alleged facts related to activity in Florida. Id.

On March 27, 2015, Plaintiff filed another Motion for Reconsideration, which Judge Gayles denied on March 30, 2015. (ECF Nos. 20, 21). Plaintiff then filed a Notice of Appeal, along with the instant Motion to Proceed in Forma Pauperis on Appeal ("IFP Motion"), on April 24, 2015. (ECF Nos. 22, 23). According to the Notice, Plaintiff appealed the dismissal of the Amended Complaint,

as well as the denial of the Motion for Recusal. (ECF No. 22). In the IFP Motion, Plaintiff first contended that Judge Gayles' had erred in instructing Plaintiff to file the Amended Complaint in the case before Judge Lenard, as it would have been a violation of an order issued by the Delaware District Court. Id. Secondly, Plaintiff argued that Judge Gayles' had erred in finding that Plaintiff had failed to establish why venue was proper in the Southern District of Florida, because in his Response to the Order to Show Cause (ECF No. 14), he had included references to case law that "establish[ed] a justification for these claims to proceed in Florida via Florida's long arm statute." (ECF No. 23).

## II. Legal Standard

The guidelines for proceeding *in forma pauperis* on appeal are set forth in 28 U.S.C. § 1915. The statute provides, in relevant part, that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is filed in good faith when the basis for the appeal is not frivolous. United States v. Alvarez, 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007) (citing Coppedge v. United States, 369 U.S. 438 (1962)). "A frivolous case is one without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). An appeal filed *in forma pauperis* is frivolous when "it appears the Plaintiff has little to no chance of success," because the "factual allegations are clearly baseless or . . . the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal citations and quotations omitted).

## III. Analysis

In order to proceed in forma pauperis on appeal, a party to a district court action must comply with Rule 24 of the Federal Rules of Appellate Procedure. Rule 24 provides that a party "must attach

an affidavit that (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Here, Plaintiff filed the IFP Motion along with an affidavit showing his inability to pay. (ECF No. 23). In the Motion, Plaintiff asserted that he was entitled to relief and set forth the issues he intended to present on appeal. However, Plaintiff failed to present this information in a sworn affidavit attached to the motion, and the motion itself was not sworn. Having failed to comply with Rule 24(a)(1), the IFP Motion may be denied on this ground. Assuming that Plaintiff will file the affidavit if the IFP Motion is denied on that basis, the undersigned shall proceed with the IFP analysis.

First, Plaintiff's argument that Judge Gayles' Order to file the Amended Complaint in Judge Lenard's case was a violation of the Delaware District Court Order lacks merit. Plaintiff argued that the Delaware Order did not instruct Plaintiff to file his first amended complaint in Judge Lenard's case. Therefore, Judge Gayles' Order to the contrary was a violation of the Delaware Order and, thus, was "null and void." (ECF No. 23). While the dismissal of Judge Lenard's case was pending on appeal, Plaintiff was granted permission by the Delaware District Court to file a complaint against Defendants Simpson and Albro wherever Plaintiff determined that "personal jurisdiction and service of process over defendants may be effective." See Kabbaj, Case No. 10-431-RGA, 2015 WL 64893, at *7. Moreover, as noted *supra*, at the time Judge Gayles dismissed the Amended Complaint in this case, the appeal of the dismissal order in Judge Lenard's case was no longer pending. As such, the undersigned finds that Plaintiff's appeal in this regard is frivolous.

Second, Plaintiff argued that he had established his claims were actionable in Florida. Judge Gayles dismissed the original complaint finding that Plaintiff had failed to adequately allege personal

jurisdiction over Defendants and how venue was proper in this District because all of the events described occurred in New York. (ECF No. 4). He then dismissed the Amended Complaint finding that it should have been filed in Judge Lenard's case and that Plaintiff still had not established why venue was proper in this Court. (ECF No. 19). In the Amended Complaint, Plaintiff alleged that venue was proper in this District "pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants are subject to personal jurisdiction in the District." (ECF No. 6). Plaintiff argued, both in the response to the show cause order and in the IFP Motion, that his claims were actionable in Florida because Florida jurisdiction was justifiable under Florida's long-arm statute and supporting case law. However, venue is different from jurisdiction. In the IFP Motion, Plaintiff has presented the Court with no new facts or basis for appeal as to venue that was not previously considered by the Court in making its rulings. Therefore, the undersigned finds that Plaintiff's appeal regarding this issue is not taken in good faith in light of the conclusions reached in Judge Gayles' dismissal order.

Finally, Plaintiff's appeal of Judge Gayles' denial of the Motion for Recusal lacks merit. In the recusal motion, Plaintiff argued, *inter alia*, that Judge Gayles was unable to make any rulings that "would contradict his personal religious beliefs" or "go against the wishes of the Defendants," as evidenced by the fact that he dismissed the complaint without waiting for Plaintiff to file his amended complaint. (ECF No. 7). It is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." Jabbour v. United States, No. 08-81114-CIV, 2009 WL 322038, at *10 (S.D. Fla. Jan. 27, 2010) (quoting Liteky v. United States, 510 U.S. 540, 556 (1994)). Additionally, a motion for recusal cannot be based on "unsupported, irrational, or highly tenuous speculation," but rather it must be supported by some factual basis. Id. Here, Plaintiff relied solely upon unsupported and speculative remarks regarding Judge Gayles'

"personal religious beliefs." (ECF No. 7). Plaintiff has failed to demonstrate a factual basis to support the impartiality speculation, and therefore, the appeal as to this issue has little to no chance of success.

### IV. Conclusion

The undersigned concludes that Plaintiff's appeal is frivolous as he has failed to assert any legal or factual basis for concluding that the District Court erred. Accordingly, based upon the foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Proceed in Forma Pauperis on Appeal (ECF No. 23) be **DENIED,** pursuant to 28 U.S.C. § 1915(a)(3) on the grounds that Plaintiff's appeal was not taken in good faith. It is **FURTHER RECOMMENDED** that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24. See Fed. R. App. P. 24(a)(4) (providing that the district clerk must immediately notify the parties and the court of appeals when the district court denies a motion to proceed in forma pauperis on appeal and/or certifies that the appeal is not taken in good faith).

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers on this ___ day of June 2015.

_____
**WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE**

cc:  Hon. Darrin P. Gayles
     Counsel of Record